Vermont Superior Court
Filed 05/10/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 476-8-19 Wncv

| Lane vs. Vermont Mutual Insurance |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Amend Judgment Motion to Alter Partial Summary Judgment (Motion: 8)
Filer:
Filed Date:     April 15, 2021


Plaintiff–insured Hannah Lane brought this action against her auto insurer, Defendant Vermont Mutual Insurance Co., after Vermont Mutual denied her claim under the hit-and-run provision of her uninsured motorist (UM) coverage.  The parties filed partial cross-motions for summary judgment on the issue of liability only.  Vermont Mutual's argument was that Ms. Lane failed to obtain the identity of the tortfeasor and thus forfeited coverage.  Ms. Lane argued that, under the circumstances, she should be excused from having done so, and coverage should remain available.  The court ruled that the circumstances warranted such an exception, coverage is preserved, and Vermont Mutual is liable. Vermont Mutual now has filed a motion to reconsider arguing that the court overlooked an important dispute of fact.[1]


Based on the undisputed facts as presented by both parties, the court concluded that the exception was warranted because (1) Ms. Lane's car was not damaged; (2) she had no awareness at the time that she was injured; (3) she was experiencing confusion; and (4) she in fact was later diagnosed with a concussion caused by the collision.


The dispute of fact that Vermont Mutual *now* seeks to raise—and which was not reasonably presented to the court in the course of summary judgment—is whether Ms. Lane was *so* confused at the scene that she could not have recorded information identifying the tortfeasor.

---

[1] In fact, Vermont Mutual filed a Rule 59(e) motion to alter or amend the judgment.  Rule 59(e) applies to final judgments, not summary judgment decisions that remain interlocutory in nature.  There has been no entry of partial final judgment, and thus there can be no Rule 59(e) relief.  The court has inherent authority, however, to revise its interlocutory orders, and the court thus interprets Vermont Mutual's motion to request that.

The court declines to go down that road.  That issue was not fairly raised in the course of summary judgment.  Regardless, the court did not rule that the circumstances made it completely impossible for Ms. Lane to get the tortfeasor's identity.  It ruled that based on all the circumstances, her failure to do so was, as a matter of law, *reasonable*.  Vermont Mutual appears now to want to redirect the litigation toward some determination as to whether it was *possible* for Ms. Lane to get the tortfeasor's identify or to somehow grade the quality or quantity of confusion she was suffering at the scene in an elusive search for a more precise line between reasonable and unreasonable.  Neither would be fruitful or warranted in the circumstances of this case.

Order

Vermont Mutual's motion for reconsideration is denied.

Robert R. Bent,
Judge